**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MELESIO U. ROJAS,

Defendant-Appellant.

No. 07-8060

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D.C. NO. 06-CR-131-ABJ)**

---

Submitted on the briefs:[*]

Thomas L. Lee, Attorney at Law, Cheyenne, Wyoming, for Defendant-Appellant.

John R. Green, Interim United States Attorney, District of Wyoming, and Stuart S. Healy, III, Assistant United States Attorney, Cheyenne, Wyoming, for Plaintiff-Appellee.

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Melesio Rojas pleaded guilty to (1) use of a firearm during and in relation to a drug trafficking offense and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(I); and (2) interstate transportation of stolen property, in violation of 18 U.S.C. § 2314. In exchange for his guilty plea, the government agreed to drop three other charges against Rojas.[1] Rojas was sentenced to sixty months' imprisonment for the firearm charge and ninety-two months' imprisonment for the interstate transportation of stolen property charge, with the sentences to be served consecutively. Rojas appeals the district court's sentence on his § 2314 conviction. Exercising jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we **affirm**.

## I. Background

Rojas's convictions stem from an armed robbery he committed with Steven Trujillo and Riemundo Bermudez on April 22, 2006, in Casper, Wyoming. The plan was hatched after Trujillo visited Casper several weeks before the robbery.

---

[1]Rojas was indicted in a six-count indictment. Five counts pertained to him. The charges dropped included possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2); being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 924(c).

While in Casper, Trujillo stayed with Brandt Loepp. For some time Trujillo had been selling Loepp marijuana. At one point during the Casper visit, Loepp showed Trujillo stolen jewelry Loepp had in his possession. Loepp then asked Trujillo if he wanted to buy any of the stolen jewelry or if he could help Loepp facilitate sales. At the time, Trujillo declined to purchase the stolen items. Upon returning to Denver, however, Trujillo discussed robbing Loepp with Rojas. The two agreed to return to Casper to steal the jewelry and included Bermudez. Bermudez was much larger than either Trujillo or Rojas and was taken along as "muscle" in case the robbery did not go as planned.

The trio traveled from Colorado to Wyoming on April 21 in a stolen car. Upon arriving, Trujillo delivered a pound of marijuana to Loepp. The following morning, on April 22, Rojas asked Loepp about the stolen jewelry. Rojas showed Loepp some cash and pretended to be interested in purchasing some of the items. Once Loepp opened the safe, however, Rojas pointed a firearm—a Taurus 9 mm pistol which he had stolen from Loepp—at Loepp's girlfriend, Genieva Gonzalez, while Bermudez and Trujillo overpowered Loepp. Although Loepp initially resisted, Rojas, who was still holding a gun on Gonzalez, told the victims "it's not worth losing a life over." Both Loepp and his girlfriend were restrained using duct tape along with electrical and phone cords. In addition to stealing the jewelry, the three men stole Loepp's wallet, the previously-delivered marijuana,

-3-

and two firearms: the Taurus 9 mm pistol used by Rojas during the robbery and an SKS assault rifle.

After robbing Loepp, the trio fled Casper in the stolen vehicle. As they sped back to Denver, a highway patrolman initiated a traffic stop after he clocked the car traveling at ninety miles per hour, well in excess of the seventy-five mile per hour speed limit. Trujillo, who was driving the car, attempted to elude the police by driving into a residential neighborhood. The chase eventually ended when Trujillo lost control of the car and crashed. The three men then fled on foot. Rojas was captured quickly and taken into custody. A search of the car revealed multiple firearms, stolen jewelry valued in excess of $200,000, and approximately one pound of marijuana. The guns stolen from Loepp were also found in the car.

Following Rojas's guilty plea, the probation office prepared a presentence report ("PSR"). The probation officer calculated a base offense level of twenty. Several enhancements were applied to the base offense level, including two points for physical restraint, pursuant to U.S.S.G. § 2B3.1(b)(4); one point for taking a firearm in the course of the robbery, pursuant to U.S.S.G. § 2B3.1(b)(6); and three points for stealing goods with a value in excess of $250,000 but less than $800,000, pursuant to U.S.S.G. § 2B3.1(b)(7)(D). Rojas also received a three-point reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b). The PSR thus recommended a total offense level of twenty-three. Rojas

had a criminal history category of VI. Rojas was subject to a mandatory minimum sentence of five years for his conviction under 18 U.S.C. § 924(c). The advisory guideline range for Rojas's second conviction, interstate transportation of stolen property, was 92 to 115 months.

Rojas made several objections to the PSR. Relevant to this appeal, he argued the PSR improperly added one point under § 2B3.1(b)(6) for taking "a firearm, destructive device, or controlled substance" in the course of the offense. Rojas claimed this enhancement constituted "double counting" because the conduct was punished by his § 924(c) conviction. Rojas also requested a sentencing variance, pursuant to the factors set out in 18 U.S.C. § 3553(a), because the majority of his prior crimes were committed before the age of sixteen, his difficult childhood, his history of mental illness, and because the court had varied downward for both Trujillo and Bermudez, Rojas's two co-defendants.

The court overruled Rojas's objections to the PSR. After addressing, at length, Rojas's criminal history, family background, mental health issues, and that Rojas's advisory guideline calculation differed from his co-defendants, the court sentenced Rojas to sixty months' imprisonment for the firearm charge and ninety-two months' imprisonment for the interstate transportation of stolen property charge. Pursuant to the express terms of 18 U.S.C. § 924(c)(1)(D)(ii), the district court ordered the sentences to be served consecutively.

## II.    Discussion

Rojas argues his sentence on the interstate transportation of stolen goods conviction is procedurally unreasonable because the district court (1) engaged in improper "double counting" by adding one point to Rojas's offense level under U.S.S.G. § 2B3.1(b)(6) for taking a gun, while also imposing a sixty-month sentence on the § 924(c) conviction; and (2) failed to adequately address his non-frivolous grounds to support a variance under 18 U.S.C. § 3553(a).  Rojas also argues his sentence is substantively unreasonable because it is too long in light of the § 3553(a) factors.

### A.    Application of § 2B3.1(b)(6) Enhancement

In reviewing Rojas's sentence, we must first determine "whether the district court correctly applied the Guidelines." *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1114 (10th Cir. 2006); *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam) (explaining a review of reasonableness includes the method by which the Guidelines were calculated).  Rojas does not contest the underlying facts.  We thus review the district court's application of the sentencing guidelines de novo. *United States v. Pearson*, 211 F.3d 524, 525 (10th Cir. 2000).

Rojas argues the application of the specific offense characteristic found in U.S.S.G. § 2B3.1(b)(6),[2] under which one point was added to Rojas's offense level for taking a "firearm, destructive device, or controlled substance" in the course of the robbery, was impermissible because the conduct formed the basis of his punishment under 18 U.S.C. § 924(c). Thus, he contends the district court engaged in impermissible "double counting."

"Double counting occurs when the same conduct on the part of the defendant is used to support separate increases under separate enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes." *United States v. Reyes Pena*, 216 F.3d 1204, 1209 (10th Cir. 2000) (quotations omitted). We have held all three criteria must be satisfied to constitute double counting. *Id.* The court may punish the same act "if the enhancements bear on conceptually separate notions relating to sentencing." *Id.* (quotation omitted). As we explained in *Reyes Pena*, "the guidelines' enhancements are tailored to the various harms that may attend a single criminal act." *Id.* at 1210; *see also United States v. Rucker*, 178 F.3d 1369, 1372 (10th Cir. 1999) ("Double counting is permissible if it accounts for more than one type of harm caused by the defendant's conduct or where each enhancement of the

___

[2]U.S.S.G. § 2B3.1(b)(6) provides: "If a firearm, destructive device, or controlled substance was taken, or if the taking of such item was an object of the offense, increase by 1 level."

defendant's sentence serves a unique purpose under the guidelines." (quotation omitted)).

To support his contention that double counting occurred, Rojas points to U.S.S.G. § 2K2.4, which applies to convictions under § 924(c). The commentary to this section provides, "If a sentence under this guideline[, such as a sentence under § 924(c),] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. § 2K2.4 cmt. n.4. Rojas argues by analogy to § 2K2.4 that the same result should apply in his case. That is, because the specific offense characteristic used to enhance Rojas's sentence under § 2B3.1(b)(6) involves the same relevant conduct as his § 924(c) conviction—stealing the Taurus 9 mm pistol and marijuana from Loepp—the enhancement was improper. We disagree.

Nothing in U.S.S.G. § 2K2.4 prohibits the application of § 2B3.1(b)(6) when the defendant has also been convicted under 18 U.S.C. § 924(c). Examining the interplay between § 2K2.4 and § 2B3.1 is instructive. Under the robbery guideline, a defendant may receive a five-point enhancement for using, brandishing, or possessing a firearm. U.S.S.G. § 2B3.1(b)(2)(C). Pursuant to the express terms of § 2K2.4, we have held that when a defendant is convicted under § 924(c), this enhancement may not be applied. *See United States v. Blake*, 59

-8-

F.3d 138, 139-40 (10th Cir. 1995). Section 2B3.1(b)(2)(C) punishes conduct already included in the § 924(c) charge. *Id.* Accordingly, Rojas's PSR declined to add any points for using a firearm under § 2B3.1(b)(2)(C). On the other hand, the enhancement for taking a firearm or controlled substances is found in a different section of this guideline, § 2B3.1(b)(6), and it is *not* enumerated in § 2K2.4. Thus, it is clear the Sentencing Commission intended § 2B3.1(b)(6) to punish a harm that is distinct from the harm punished in § 2B3.1(b)(2)(C) for possessing or brandishing a firearm. *See Pearson*, 211 F.3d at 527.

Nor is Rojas able to prevail under the analytical approach set out in *Reyes Pena*. This court has not previously addressed whether "double counting" occurs when a defendant receives a sentence under § 924(c) and at the same time his underlying sentence is enhanced under the robbery guideline for taking a firearm or a controlled substance. We, however, examined a similar issue in *Pearson*, a case in which the defendant was convicted for using a firearm pursuant to § 924(c) and also received an enhancement to his robbery guideline under § 2B3.1(b)(4)(B) for physical restraint with a gun. 211 F.3d at 525. We explained "physical restraint with a gun is conduct distinct from . . . [using,] brandishing, display, or possession of a gun." *Id.* at 526. "[S]omething more must be done with the gun to physically restrain [the victim.]" *Id.* at 526-27. Because § 2K2.4 enumerates using, possessing, brandishing, and discharging—but not physically restraining—we concluded the Sentencing

Commission did not intend to exclude the enhancement when a defendant was also convicted under § 924(c). *Id.* at 527.

Likewise, § 2B3.1(b)(6) involves conduct that is distinct from using, possessing, brandishing, or discharging a gun. The enhancement applies when the firearm or the controlled substance is the *object* of the offense or is *taken* from the victim. One may steal a weapon without using it just as one may use a weapon that is not stolen. The harm punished in § 2B3.1(b)(6) is "conceptually separate" from using, possessing, brandishing, or discharging a weapon. *See Reyes Pena*, 216 F.3d at 1209. Thus, Rojas fails to identify how § 2B3.1(b)(6) "necessarily overlaps" with the conduct punished under 18 U.S.C. § 924(c). *See id.* Rojas not only used the Taurus 9 mm pistol during the commission of the robbery, but he also stole the weapon. We therefore conclude the application of § 2B3.1(b)(6) was proper and did not constitute double counting.[3]

**B.      Request for Downward Variance**

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness. *United States v. Jarrillo-Luna*, 478 F.3d 1226, 1228 (10th Cir. 2007). Rojas asserts the district court's sentence is both procedurally and substantively unreasonable based on the court's failure to take

---

[3]We note this enhancement may also be supported by the theft of the second weapon—the SKS assault rifle. This argument, however, was never raised below, nor did either of the parties brief this issue. Because the enhancement is supported by the theft of the Taurus 9 mm pistol, we decline to decide this case on a ground not raised below.

into account factors warranting a downward variance. This court begins by "ensur[ing] that the district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). This court follows with an inquiry into "whether the ultimate sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a)." *Sanchez-Juarez*, 446 F.3d at 1114.

### 1.      *Procedural Reasonableness*

Rojas argues the district court erred by failing to address the substance of his non-frivolous grounds raised to support a downward variance under 18 U.S.C. § 3553(a). A sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c); *see also Gall*, 128 S. Ct. at 597. This requirement is a component of procedural reasonableness. *United States v. Romero*, 491 F.3d 1173, 1175-76 (10th Cir.), *cert. denied*, 128 S. Ct. 319 (2007). "When a defendant makes a non-frivolous argument for a below-Guidelines sentence, but receives a within-Guidelines sentence, the district court must provide the appellate court with a record by which this court can discern whether the district court considered the applicable 18 U.S.C. § 3553(a) factors." *United States v. Traxler*, 477 F.3d 1243, 1249 (10th Cir.), *cert. denied*, 128 S. Ct. 254 (2007); *see also Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) (explaining when parties raise "nonfrivolous reasons for imposing a different

-11-

sentence, . . . the judge will normally go further and explain why he has rejected those arguments"). The sentencing court, however, is under no obligation to "march through § 3553(a)'s sentencing factors." *United States v. Rines*, 419 F.3d 1104, 1107 (10th Cir. 2005).

Rojas claims the district court erred by failing to address his arguments for a below-Guidelines sentence based on co-defendant sentencing disparity and that the majority of Rojas's criminal history points arose from juvenile convictions. The record reveals, however, that the district court spent extensive time addressing Rojas's objections. The court then stated it was sentencing Rojas at the bottom of the Guidelines' range only after considering "the factors set forth in Title 18 United States Code Section 3553, as well as under the Sentencing Reform Act" and the "sentence imposed here is the appropriate one." Our precedent does not require more. *See United States v. Angel-Guzman*, 506 F.3d 1007, 1016-17 (10th Cir. 2007).

### 2. *Substantive Reasonableness*

Next, Rojas contends his sentence is substantively unreasonable because he is similarly situated to his co-defendants, both who received below-Guidelines sentences. Therefore, he argues, the district court erred by failing to sentence him below his advisory Guideline range.

In reviewing a sentence for substantive reasonableness, we "utiliz[e] the abuse-of-discretion standard." *United States v. Munoz-Nava*, 524 F.3d 1137,

1146 (10th Cir. 2008). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (quotation omitted). A sentence which falls within a properly calculated Guideline range "is entitled to a rebuttable presumption of reasonableness." *Kristl*, 437 F.3d at 1054. The presumption of reasonableness "is a deferential standard that either the defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Id.* In this case, the district court sentenced Rojas within the Guideline range, and thus his sentence is presumptively reasonable.

Rojas can not overcome the presumptive reasonableness. First, Rojas cannot show he is similarly situated to his co-defendants. His criminal history is more extensive than either Trujillo or Bermudez. Second, even if he was similarly situated, the district court did not err. In *United States v. Davis*, we held "a criminal defendant alleging a disparity between his sentence and that of a co-defendant is not entitled to relief from a sentence that is properly within the sentencing Guidelines and statutory requirements." 437 F.3d 989, 997 (10th Cir.), *cert. denied*, 547 U.S. 1122 (2006). Moreover, disparity among co-defendants is not a consideration required by § 3553(a). *See United States v. Verdin-Garcia*, 516 F.3d 884, 899 (10th Cir. 2008) (explaining § 3553(a)(6) "requires a judge to take into account only disparities *nationwide* among defendants with similar records and Guideline[s] calculations"). Although it is

not improper to consider co-defendant disparity, neither is it mandated. *United States v. Smart*, 518 F.3d 800, 804 (10th Cir. 2008) (explaining post-*Gall* "codefendant disparity is not a per se 'improper' factor"). We therefore hold Rojas's sentence is substantively reasonable.

## III.   Conclusion

For the foregoing reasons, we **affirm** Rojas's sentence.