**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LIONEL ROMERO-RESENDEZ,

Defendant-Appellant.

Nos. 07-2176 and 07-2177

(D. N.M.)

(D.C. Nos. 1:07-CR-000492-BB and
1:01-CR-00736-BB)

## ORDER AND JUDGMENT[*]

Before **O'BRIEN**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Lionel Romero-Resendez appeals the procedural reasonableness of the 70-month sentence imposed after he pleaded guilty to illegally re-entering the United States in violation of 8 U.S.C. §§ 1326(a) and (b). Exercising our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we conclude the district court's sentence was procedurally reasonable and AFFIRM the district court's judgment.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

In 2001, Romero-Resendez pleaded guilty to conspiring to possess more than five grams of cocaine with intent to distribute. While awaiting sentencing on that charge, Romero-Resendez was arrested for abuse of a child and aggravated battery on a household member. Court records indicate the abuse of a child charge was dismissed and Romero-Resendez either pleaded guilty or nolo contendere to aggravated battery.[1] Following his release from prison in 2003 on the drug charge and as part of his supervised release, Romero-Resendez was deported to Mexico as he had been residing in the United States illegally.[2]

Shortly thereafter, Romero-Resendez illegally returned to the United States. After arresting him on an unrelated state crime, authorities discovered Romero-Resendez had violated the terms of his supervised release and had illegally re-entered the United States. As a consequence, he was charged in federal district court with Reentry of a Removed Alien in violation of 8 U.S.C. §§ 1326(a) and (b).

Romero-Resendez pleaded guilty and a pre-sentence report (PSR) was prepared which calculated a total of ten criminal history points and determined

---

[1] It is undisputed Romero-Resendez was *arrested* for both of these charges. The parties only disagree as to the disposition of the aggravated battery charge and its effect on the sentencing in this case.

[2] As a condition of his supervised release on the drug charge, Romero-Resendez was ordered "not to reenter the United States without prior approval from the Attorney General." R., Vol. II, ¶ 5.

Romero-Resendez's criminal history was a category V. The PSR based this conclusion, in part, on his prior aggravated battery conviction. Romero-Resendez filed a written objection to the PSR, claiming it incorrectly assessed two criminal history points for the aggravated battery charge. According to Romero-Resendez, the PSR was in error because that charge had actually been dismissed and had not resulted in a conviction. Romero-Resendez, however, conceded the only records available indicated he had been convicted after a plea of either guilty or nolo contendere. Nevertheless, he argued the "incorrect" conviction on the aggravated battery charge should be ignored and his criminal history category should actually be a IV.

On July 16, 2007, the district court held the sentencing hearing. At the hearing, the court inquired whether Romero-Resendez had any "challenges to either the factual statements or guideline proposals" in the PSR. R., Vol. III, at 2–3. Romero-Resendez replied: "you've received my written objection, I think, to the calculation of criminal history. Other than that, we have not." *Id.* at 3. The district court then sentenced Romero-Resendez to 70 months' imprisonment on the illegal re-entry charge, followed by two years of supervised release. Although the district court noted it had considered the 18 U.S.C. § 3553 factors, it did not directly address Romero-Resendez's written objection to the aggravated

battery conviction noted in the PSR.[3]  Romero-Resendez's counsel did not comment on this failure at the sentencing hearing.

On appeal, Romero-Resendez argues the district court procedurally erred in failing to specifically address his written objection to the PSR.[4]

**Discussion**

Romero-Resendez argues the district court committed reversible error in failing to specifically address and resolve the disputed portion of the PSR in violation of Federal Rule of Criminal Procedure 32(i)(3)(B).  But because Romero-Resendez did not object to the district court's failure to directly address his written objection at the time of sentencing, we review for plain error.  *See United States v. Torres-Duenas*, 461 F.3d 1178, 1182–83 (10th Cir. 2006) (stating that when a defendant fails to object to the method by which the sentence was determined, we review only for plain error); *United States v. Lopez-Flores*, 444 F.3d 1218, 1221 (10th Cir. 2006) ("A timely objection to the method can alert the district court and opposing counsel, so that a potential error can be corrected,

---

[3] Nor did the district court specifically express why it imposed a sentence at the bottom of the guideline range.

[4] Romero-Resendez initially appealed the district court's sentencing in two separate cases.   In addition to the appeal of his sentence on the illegal re-entry conviction, 10th Circuit No. 07-2177, he also appealed the sentence imposed for the supervised release violation, 10th Circuit No. 07-2176.  In his opening brief, Romero-Resendez states he "no longer seeks review of his sentence in his release violation case and withdraws that appeal."  Aple. Br. at 1.  Consequently, we only address his appeal of the sentence imposed for illegally re-entering the United States.

obviating any need for an appeal.").  Plain error occurs when there is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Torres-Duenas*, 461 F.3d at 1180 (internal quotation omitted).  Rule 32(i)(3)(B) states: "At sentencing, the court . . . must —  for any disputed portion of the presentence report or other controverted matter — rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing . . . ."

It is not entirely clear a naked assertion that a prior conviction is recorded in error is sufficient to invoke the district court's fact-finding obligation under Rule 32.  *United States v. Traxler*, 477 F.3d 1243, 1249 (10th Cir. 2007) ("Arguments 'clearly without merit' can be 'passed over in silence.'" (quoting *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1117 (10th Cir. 2006)); *United States v. Rodriguez-Delma*, 456 F.3d 1246, 1253 (10th Cir. 2006) (citing *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999) and stating that in order to invoke the court's fact-finding obligation, the "defendant's rebuttal evidence must demonstrate that information in the PSR is materially untrue, inaccurate or unreliable").  For purposes of our analysis we shall assume the district court's failure to either address the validity of the prior aggravated battery conviction or to determine explicitly that such a ruling was unnecessary was in error and the error was plain.

Romero-Resendez nevertheless fails to demonstrate that this error affected his substantial rights. *See, e.g.*, *United States v. Romero*, 491 F.3d 1173, 1179 (10th Cir. 2007) ("For an error to have affected substantial rights, 'the error must have been prejudicial: It must have affected the outcome of the district court proceedings.'" (quoting *United States v. Trujillo-Terrazas*, 405 F.3d 814, 819 (10th Cir. 2005)). Romero-Resendez submitted nothing to challenge the accuracy of his previous conviction for aggravated battery—nothing by way of affidavit, court record or otherwise to call into question the documentary support provided in the PSR. In fact, the only evidence he offered was a case sheet clearly indicating he had pleaded nolo contendere to the aggravated battery charge and had been subsequently convicted. His proffer fails to satisfy our requirement that a defendant must "make a showing that the information in the PSR is unreliable and articulate the reasons why the facts contained therein are untrue or inaccurate." *United States v. Avalos*, 506 F.3d 972, 979–80 (10th Cir. 2007) (internal quotation omitted).

Finally, Romero-Resendez neither challenges the substantive reasonableness of his sentence nor contends his sentence was somehow unreasonable in light of the statutory sentencing factors. *See United States v. Rojas*, 531 F.3d 1203, 1209 (10th Cir. 2008) (holding a sentence falling within a properly-calculated guideline range is entitled to a presumption of reasonableness). Therefore, the district court's error, if any, did not affect his

substantial rights. *See Romero*, 491 F.3d at 1179 (declining to reverse a sentence challenged for procedural unreasonableness where the plain error burden was not met: "The burden to show that substantial rights have been prejudiced is on the 'party that failed to raise the issue below'" (internal quotation and citation omitted)).

## Conclusion

Because Romero-Resendez has failed to show the alleged procedural error affected his substantial rights, we AFFIRM the district court's judgment and sentence.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge