FILED
United States Court of Appeals
Tenth Circuit

August 20, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff, Appellee,

v.

ALBERTO FUENTES-MORENO,

      Defendant-Appellant.

No. 10-1068
(D.C. No. 1:09-CR-00395-REB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **EBEL** and **LUCERO**, Circuit Judges.

---

Defendant-Appellant Alberto Fuentes-Moreno pled guilty to reentering the United

States illegally after having been previously deported subsequent to a conviction for an

aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b). The district court

calculated Fuentes-Moreno's advisory guidelines range as calling for 41 to 51 months'

---

     * After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment, and Feuntes-Moreno does not challenge that calculation. The district court imposed a sentence of 48 months' imprisonment, which Fuentes-Moreno characterizes as "near the top of the guideline range." (Aplt. Br. at 9.) Fuentes-Moreno now appeals his sentence, challenging only its substantive reasonableness. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we AFFIRM.

We review the substantive reasonableness of a sentence for an abuse of discretion. See United States v. Rojas, 531 F.3d 1203, 1209 (10th Cir. 2008). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation omitted). We accord a rebuttable presumption of reasonableness to a sentence that falls within the properly calculated guidelines range. Rojas, 531 F.3d at 1209.

In this case, the district court provided an ample basis for Fuentes-Moreno's sentence that leads us to conclude the sentence falls within the acceptable range of reasonableness. As a starting point, the district court's sentence fell within the guidelines range and is presumptively reasonable. Moreover, the district court explained that immigration authorities discovered Fuentes-Moreno because he committed other criminal offenses—offenses which Fuentes-Moreno now seeks to minimize as mere traffic offenses, though he spent several days in jail as a result of those offenses. The district court also emphasized that Fuentes-Moreno failed to grasp the seriousness of the offense because he has entered the country illegally on four known occasions and was deported

2

three times.  On appeal, Fuentes-Moreno highlights that he first entered the country illegally as a teenager with his family, but this accounts for only one of his four illegal entries.  All three of Fuentes-Moreno's deportations occurred when he was an adult, and, after each one, he chose to reenter the United States unlawfully.  Finally, the district court expressed serious concern with Fuentes-Moreno's criminal record, which includes two felonies—one for unlawful sexual activity with a minor and one for possession of a forgery writing device—and several traffic offenses, including one for driving under the influence.  Although Fuentes-Moreno again sought to minimize the traffic offenses, the district court reasonably explained that the offenses were serious and reflected a disregard for the law.  And while Fuentes-Moreno also sought to minimize the seriousness of the sex offense as involving a consensual encounter, the district court thoughtfully considered and rejected that characterization of the offense.

In sum, the district court stated that it conducted a "careful individual assessment of Mr. Fuentes [sic] and his unique circumstances and characteristics" (R. v.2 at 30), and the record reflects that to be the case.  Although the arguments raised by Fuentes-Moreno may have justified a lower sentence, the district court engaged in a thoughtful analysis that yielded a reasonable sentence.  Accordingly, we cannot disturb that sentence on appeal.

AFFIRMED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge