**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SERGIO CANUL-YANEZ,

    Defendant-Appellant.

No. 10-2051
(D.C. No. 2:09-CR-02430-BB-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL** and **LUCERO**, Circuit Judges.

Defendant-Appellant Sergio Canul-Yanez pled guilty, without a plea agreement,

to reentering the United States illegally after having been previously deported subsequent

to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b).

Although the district court calculated that Canul-Yanez's advisory guidelines range

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence was 41 to 51 months' imprisonment, a calculation Canul-Yanez does not challenge on appeal, it sentenced him to only 34 months' imprisonment. Canul-Yanez now challenges the substantive reasonableness of that sentence. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we AFFIRM.

We review the substantive reasonableness of a sentence for an abuse of discretion. See United States v. Rojas, 531 F.3d 1203, 1209 (10th Cir. 2008). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation omitted). A sentence that falls within the properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. Rojas, 531 F.3d at 1209.

Here, the district court's sentence was well-within the acceptable range of reasonableness. The district court explained that Canul-Yanez had a history of substance abuse including a fairly dated conviction for cocaine distribution—and the district court acknowledged it was dated—and a recent arrest for using methamphetamine. It further found that Canul-Yanez, in particular, needed deterrence from future efforts to reenter the country illegally because he failed to grasp the seriousness of the offense as he reentered the country just a few months after his previous deportation. The district court also acknowledged that, like Canul-Yanez, illegal immigrants frequently come to the United States for economic and family reasons. Moreover, it ultimately imposed a below-guideline sentence that reflects some of the mitigating factors, such as Canul-Yanez's family ties and cultural assimilation, that Canul-Yanez argues makes the sentence of 34 months' imprisonment still unreasonable. Under these circumstances, however, we

2

cannot conclude the district abused its discretion by imposing a sentence of 34 months' imprisonment.

AFFIRMED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge