FILED
United States Court of Appeals
Tenth Circuit

February 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JAMES L. EWING,

Defendant - Appellant.

No. 11-1052
(D.C. No. 1:10-CR-00162-MSK-1 )
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

James L. Ewing pled guilty to forcibly assaulting a federal employee in violation

of 18 U.S.C. § 111(a)(1). At sentencing, the district court determined he had eight

criminal history points including (1) one point for a 1989 aggravated robbery conviction;

(2) three points for a 1992 conviction; (3) two points for a 2002 marijuana possession

conviction; and (4) two points for committing the present offense while serving his

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

sentence on the 1992 drug conviction. These criminal history points resulted in a criminal history category of IV. With that criminal history and a total offense level of 11, the advisory guideline range was 18 to 24 months imprisonment. Noting his extensive criminal history, the court sentenced him to 24 months incarceration. Finding no meritorious issues for appeal, his counsel submitted an *Anders* brief and a motion for leave to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Counsel provided Ewing with copies of both documents and we informed him of his right to file a response. *See* 10th Cir. R. 46.4(B)(2). He did not file a response. Because we agree with counsel that there are no meritorious issues, we grant the motion to withdraw and dismiss the appeal.

## DISCUSSION

Under *Anders*, "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. With his motion to withdraw, counsel must submit "a brief referring to anything in the record that might arguably support the appeal." *Id.* The defendant must have the opportunity to review counsel's brief and "raise any points that he chooses" to the court. *Id.* The court must then conduct a full examination of the record to determine "whether the case is wholly frivolous." *Id.* If the court concludes the case is frivolous, it may grant counsel's motion to withdraw and dismiss the appeal. *Id.*; *see also United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (discussing *Anders* procedure).

In the *Anders* brief, counsel identifies two potential errors which might arguably

support an appeal.  First, the district court may have erred in assessing a point for a noncountable conviction.  Second, it may have erred in "double-counting" his 1992 drug conviction.

A.     Noncountable Conviction

Counsel contends the district court erred in assessing Ewing a point under the federal sentencing guidelines for his 1989 armed robbery conviction.  In particular, he argues the conviction was too old to count toward Ewing's criminal history points under the federal sentencing guidelines.  Even so, counsel notes that even if the district court had not done so, it "would not have changed Mr. Ewing's criminal history category under the sentencing guidelines."  We agree any error was harmless because it did not affect the appropriate guideline range.  *United States v. Jeppeson*, 333 F.3d 1180, 1182 n.2 (10th Cir. 2003) (holding error is harmless when it "would not have resulted in a different guideline range").  This issue is without merit.

B.     Double Counting

According to counsel, the court may have erred in using the 1992 conviction as a basis for adding three criminal history points under §4A1.2(a) while also assessing two criminal history points against him under §4A1.1(d) for committing the present crime while he was serving the sentence for the 1992 conviction.

"Double counting occurs when the same conduct on the part of the defendant is used to support separate increases under separate enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes."  *United States v. Rojas*, 531 F.3d 1203, 1207 (10th Cir. 2008) (quoting *United States v. Reyes Pena*, 216 F.3d

1204, 1209 (10th Cir. 2000)). Here, the two additions did not rely on the same conduct. The addition under §4A1.1(a) was imposed for Ewing's prior countable crime, but the addition under §4A1.1(d) was imposed to punish Ewing's commission of a new crime while serving his sentence. There is no merit to this double counting issue. *See Rojas*, 531 F.3d at 1207.

After carefully reviewing the record, we perceive no other arguably meritorious claims of error. We **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

Entered by the Court:

Terrence L. O'Brien
United States Circuit Judge