FILED
United States Court of Appeals
Tenth Circuit

March 11, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANH NGOC DANG,

Defendant - Appellant.

No. 12-3208

D. Kansas

(D.C. No. 6:11-CR-10120-EFM-1)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **ANDERSON**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

I.      Introduction

Appellant Anh Ngoc Dang pleaded guilty to one count of illegally producing identification documents, in violation of 18 U.S.C. § 1028(a)(1) and

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(2). The district court sentenced him to twenty-four months' imprisonment, eight months higher than the top of the advisory guidelines range. Dang now appeals the sentence imposed by the district court, arguing it is substantively unreasonable based on consideration of the factors set forth in 18 U.S.C. § 3553(a). Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm** Dang's sentence.

## II. Background

Dang and his brother were named in a multi-count indictment charging them with unlawful acts related to the production of a Kansas drivers license and a United States passport. Dang entered into a written plea agreement with the Government which contained the following factual basis for his guilty plea to one count of illegally producing an identification document:

> On March 22, 2007, defendant Anh Ngoc Dang knowingly, intentionally and without lawful authority aided and abetted the production of a State of Kansas drivers license by allowing his brother, Thanh Ngoc Dang, to use defendant Anh Ngoc Dang's name and date of birth in producing the drivers license. The drivers license was produced in and affecting interstate commerce because it was produced with materials manufactured outside the state of Kansas, and the permanent drivers license was manufactured in another state, then mailed to Kansas.

The district court accepted Dang's guilty plea and the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR calculated a base offense level of six and then increased it six levels pursuant to USSG § 2B1.1(b)(11)(C)(i) because the offense involved the "use of a means of

identification unlawfully to produce or obtain any other means of identification." The PSR also applied a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a), resulting in a total offense level of ten. The PSR assigned four criminal history points which corresponded to a criminal history category of III. The offense level combined with the criminal history category resulted in an advisory guidelines sentencing range of ten to sixteen months' imprisonment. Several days before the sentencing hearing, the district court advised the parties it was considering varying upward from the advisory guidelines range based on Dang's "lengthy and persistent conduct of making false representations to authorities."

At the hearing, neither party objected to the calculation of the advisory guidelines range. The district court then announced the recommended guideline sentence was "potentially inadequate for the nature and characteristics of the defendant," Dang's counsel responded to the court and also asked for a downward variance from the advisory guidelines range. After considering Dang's arguments and the § 3553(a) factors, the court determined that an upward variance from the guidelines was appropriate. Dang received a sentence of twenty-four months' imprisonment, eight months above the top of the advisory guidelines range.

**III. Discussion**

Dang argues his above-guidelines sentence is substantively unreasonable. We review this challenge under an abuse-of-discretion standard. *United States v. Bullcoming*, 579 F.3d 1200, 1206-07 (10th Cir. 2009).

Dang makes two primary challenges to the sentence imposed by the district court. He first asserts the district court's finding that he is a dishonest person does not justify an upward variance. "[A] district court has broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. § 3553(a)." *Id.* at 1207 (quotation omitted). A defendant's character is one of the factors a district court may consider. *See United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1222 (10th Cir. 2008). The district court was unequivocal in its finding that Dang was not credible, stating, "I have no confidence that this defendant will tell us anything that's correct, now or in the future." The court supported this finding with a lengthy and comprehensive discussion of the false, misleading, and contradictory statements Dang made to law enforcement during the investigation of the offense conduct and again during the preparation of the PSR. The court also detailed the litany of false statements Dang made about his immigration status, his involvement in civil lawsuits, and his employment history, among other things. The court's discussion provides ample support for the conclusion Dang's character, particularly his lack of respect for the rule of law, merits a substantial upward variance from the advisory guidelines range.

Dang also argues the district court erred by failing to consider the disparity between his sentence and the sentence received by his brother. Dang's argument fails because a district court is not required to consider sentencing disparities between codefendants. *United States v. Rojas*, 531 F.3d 1203, 1210 (10th Cir. 2008) ("[D]isparity among codefendants is not a consideration required by § 3553(a)."). The purpose of the Guidelines is to "eliminate disparities among sentences nationwide." *United States v. Zapata*, 546 F.3d 1179, 1194 (10th Cir. 2008). Furthermore, Dang has not identified any basis upon which this court could conclude the disparate sentences are unwarranted. *See id*. ("[D]isparate sentences are allowed where the disparity is explicable by the facts on the record." (quotation omitted)).

## IV.    Conclusion

The district court did not abuse its discretion when it imposed a twenty-four month sentence. Accordingly, we **affirm** Dang's sentence.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-5-