FILED
United States Court of Appeals
Tenth Circuit

June 8, 2021

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIA COY CAMPBELL,

Defendant - Appellant.

No. 19-2199
(D.C. No. 2:18-CR-00536-RB-1)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, Chief Judge, **EBEL**, and **BACHARACH**, Circuit Judges.

Mia Campbell pleaded guilty to assaulting and injuring a corrections officer who was assisting federal officers in the performance of their duties, in violation of 18 U.S.C. § 111(a) and (b). Based on his status as a career offender, Campbell was sentenced to 151-months' imprisonment.

---

[*] After examining the briefs and appellate record, this panel determined that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On appeal, he challenges the procedural and substantive reasonableness of his sentence. Campbell claims his sentence was procedurally unreasonable because the district court engaged in impermissible double-counting of enhancements and therefore incorrectly calculated his advisory guideline sentencing range. He also claims his sentence was substantively unreasonable because the district court failed to adequately explain his sentence with reference to the 18 U.S.C. § 3553(a) factors and because his sentence creates unwarranted sentencing disparities.

Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM. Any alleged double-counting was harmless, and the district court adequately explained the resulting sentence.

## I. Background

### A. Factual Background

In late 2017, Campbell was being held at the Doña Ana County Detention Center in Las Cruces, New Mexico while awaiting sentencing for two federal criminal cases. A corrections officer noticed Campbell had blocked the view into his prison cell by placing a blanket over the cell window. The officer approached Campbell's cell and told him to remove the blanket because he was not allowed to block the view into his cell. Campbell responded that he needed privacy and did not want to be seen while using the restroom. The officer entered Campbell's cell

and removed the blanket. Campbell and the officer dispute what happened next, but the two got into an argument, and Campbell eventually struck the officer in the face. The officer later went to the hospital, where he was diagnosed with an eye socket fracture.

### B. Procedural Background

In early 2018, a grand jury indicted Campbell for violating 18 U.S.C. § 111(a) and (b) by assaulting and injuring a corrections officer who was assisting federal officers in the performance of their duties. Campbell pleaded guilty to the charge without a plea agreement.

A probation officer filed a Presentence Investigation Report (PSR) calculating Campbell's applicable guidelines range. For his conviction under 18 U.S.C. § 111(b), the PSR started with a Base Offense Level of 14 under USSG § 2A2.2(a). The PSR then added: (1) five levels pursuant to USSG § 2A2.2(b)(3)(A), because the officer suffered a serious bodily injury; (2) two levels pursuant to USSG 2A2.2(b)(7), because Campbell was convicted under 18 U.S.C. § 111(b), which provides for an enhanced statutory penalty when the offense involves use of a weapon or infliction of injury; and (3) three levels pursuant to USSG § 3A1.2(a), because the victim was a government officer or employee and the offense of conviction was motivated by such status. As a result, Campbell's adjusted offense level was 24. The PSR raised the offense

level to 32, pursuant to USSG § 4B1.1(b)(3), based on Campbell's status as a Career Offender. The PSR then deducted three levels for acceptance of responsibility pursuant to USSG § 3E1.1(a) and (b), bringing Campbell's total offense level to 29.

Because Campbell was a Career Offender, his criminal history category was VI. With his total offense level at 29, the guideline sentencing range was 151 to 188 months. The PSR recommended that Campbell's sentence run consecutively to the uncharged terms of imprisonment on the two other felony cases.

Campbell filed written objections to the PSR. Relevant here, he argued that applying the enhancement prescribed by USSG § 2A2.2(b)(7) to a conviction under 18 U.S.C. § 111(b) constituted impermissible double-counting. The government responded that application of the enhancement prescribed by USSG § 2A2.2(b)(7) did not amount to impermissible double-counting because it applied due to the fact that the victim suffered serious bodily injury and the fact that the victim was an officer or employee of the United States or someone assisting such an officer or employee.

The district court held a sentencing hearing in late 2019. At the hearing, defense counsel reiterated Campbell's objections to the PSR. The court overruled the objections for the reasons set out in the government's response. Defense counsel also asked the court to consider imposing a concurrent, rather than

consecutive, sentence. The court declined, imposing a sentence of 151 months to run consecutively with the two undischarged sentences.

## II. Analysis

Campbell claims his sentence was procedurally unreasonable because the district court engaged in impermissible double-counting of enhancements and therefore incorrectly calculated his advisory guideline sentencing range. He also claims his sentence was substantively unreasonable because the district court failed to adequately explain his sentence with reference to the 18 U.S.C. § 3553(a) factors and because his sentence creates unwarranted sentencing disparities.

### A. Double-Counting

We decline to consider the merits of Campbell's double-counting claims because the errors, if any, were harmless. As detailed above, Campbell's adjusted offense level was 24. But Campbell qualifies as a Career Offender under USSG § 4B1.1. The career-offender guidelines do not entail any of the enhancements discussed above, but instead, are calculated according to the statutory maximum sentence for the violation at issue. The statutory maximum sentence for a violation of 18 U.S.C. § 111(b) is twenty years, so Campbell's offense level under the career-offender guidelines was 32. With an exception not applicable here, "if the offense level for a career offender . . . is greater than the offense level

otherwise applicable, the offense level from the [career-offender guidelines] shall apply." USSG § 4B1.1(b). Because Campbell's offense level under the career-offender guidelines (32) was greater than the offense level that would otherwise apply (24), his offense level was 32.

The district court reduced Campbell's offense level from 32 to 29 because of his statement accepting responsibility. This resulted in a guideline sentencing range of 151 to 188 months. The district court sentenced Campbell to 151 months. Since the district court followed the career-offender guidelines, the alleged double-counting of enhancements is immaterial because it did not affect Campbell's final sentence. *See United States v. Jeppeson*, 333 F.3d 1180, 1182 n.2 (10th Cir. 2003) (finding harmless the district court's reliance on the improper guidelines manual because relying on the correct manual would not have resulted in a different guidelines range); *United States v. Soto-Melchor*, 273 F. App'x 754, 757 (10th Cir. 2008) (same).

Thus, Campbell's procedural claim fails.

### B. Failure to Consider the 18 U.S.C. § 3553(a) Factors

Next, Campbell argues the district court failed to adequately explain his sentence with reference to the 18 U.S.C. § 3553(a) factors. In particular, he highlights that the court never explained why it ran Campbell's sentence consecutive to his other uncharged terms of federal imprisonment. He argues

because the district court did not state its reasons for the sentence imposed or refer to the § 3553(a) factors, this court should conclude that the sentence was substantively unreasonable.

Because Sanchez failed to raise this claim at sentencing, we review for plain error. *United States v. Chavez*, 723 F.3d 1226, 1232 (10th Cir. 2013). Under plain error review, we will only vacate the sentence if: (1) there is error; (2) that is plain; (3) that affects substantial rights, or in other words, affects the outcome of the proceeding; and (4) substantially affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Under 18 U.S.C. § 3553(a), a district court must consider the following factors when imposing a sentence: the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense; the need to deter criminal conduct; the need to protect the public from the defendant; the kinds of sentences available; the applicable guidelines range; the need to avoid unwarranted sentencing disparities; and the need for restitution. And under 18 U.S.C. § 3553(c), the district court is required to "state in open court the reasons for its imposition of a particular sentence[.]"

Where, as here, a district court imposes a sentence within the guidelines range, it must provide "only a general statement of the reasons for its imposition of the particular sentence." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199

(10th Cir. 2007). The district court's explanation "need involve no ritualistic incantation to establish consideration of a legal issue," nor must the district court "recite any magic words to prove that it considered the various factors Congress instructed it to consider." *Id.* at 1202 (internal marks omitted). We find nothing in this record "to overcome [the] presumption that the district court weighed each of the § 3553(a) factors." *Chavez*, 723 F.3d at 1233 (10th Cir. 2013).

The sentencing judge was familiar with Campbell's history and characteristics. He had known Campbell for about 14 years, having sentenced him in three other federal cases. At the hearing, the district court remained engaged and asked questions as it read the PSR, heard argument from both sides about those circumstances, and rejected Campbell's argument that he did not inflict serious bodily injury on the officer. [R. at 127, 140]. Prior to sentencing, the court discussed Campbell's criminal history and proclivity towards violence, noting Campbell was on a "violent track" and had "never been able to stay away from illegal conduct . . . drugs and violence." R. at 134–35. The court stated, "I can't count the number of times we've been together because supervision was revoked time and time again" and expressed regret that the "system . . . hasn't been able to . . . mend this broken man." *Id.* at 135. The court also referred to the need to protect the public from Campbell, noting that Campbell is a "threat to the people around" him and questioning Campbell's statement that he is not

-8-

capable of murder. *Id.* at 135, 137. Finally, the court mentioned Campbell's disregard for prison rules and lack of remorse. *Id*. at 135 ("And you told me just now '[it] doesn't matter to me what the rules are. If I'm in that situation again, I'm fighting again.'").

In light of these comments and the district court's clear familiarity with Campbell's criminal history, the court's failure to expressly cite the § 3553(a) factors was not plain error. *See United States v. Fraser*, 647 F.3d 1242, 1247 (10th Cir. 2011) (finding no procedural or substantive unreasonableness when "[w]ithout citing the § 3553(a) factors expressly, the district court proceeded to discuss at length" the defendant's history and other factors). Rather, the record reveals that the court considered the relevant factors and made an individualized assessment at sentencing.

### C. *Sentencing Disparities*

Finally, Campbell claims his sentence is substantively unreasonable because it creates unwarranted sentencing disparities. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Rojas*, 531 F.3d 1203, 1209 (10th Cir. 2008). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* Because Campbell's 151-month sentence falls within the 151-

188 month guidelines range, it is "entitled to a rebuttable presumption of reasonableness." *Rojas*, 531 F.3d at 1209.

Campbell notes that "the average length of a sentence for manslaughter for fiscal year 2019 was 70 months . . . [and] the average length of an assault sentence, which would not include but not be limited to situations involving the special status of the victim, was 65 months." Aplt. Br. at 27. He also notes that his "sentence was calculated under the Career Offender Guideline, USSG § 4B1.1(b)(3), because he was convicted of two prior, qualifying felony drug offenses . . . [but] if the predicate offenses had been 'crimes of violence' covered by USSG § 4B1.2(a)'s residual clause, he would no longer qualify as a 'career offender.'" *Id.* at 28. From this, Campbell claims his 151-month sentence is grossly disparate from other sentences imposed for similar (and even more serious) crimes.

But Campbell is not just any other criminal convicted of assault. We will not summarize Campbell's long criminal history here, but the PSR describes one incident where he shot a man after an argument over money and another incident where, after an argument with a different man, Campbell drove to the man's home and opened fire with a machine gun while the man and his girlfriend were inside.

Yet the sentencing data presented by Campbell provides no information about sentences imposed on offenders with criminal records similar to

Campbell's. *See Rojas*, 531 F.3d at 1209 (finding the plaintiff could not "show he is similarly situated to his co-defendants" because his "criminal history is more extensive than either of his co-defendants"). And while Campbell's qualifying offenses under the Career Offender Guidelines were non-violent drug offenses, Campbell's violent past is well-documented. Given Campbell's long criminal history, his propensity to commit violence, his repeated violations of supervised release, and his proclaimed intention to continue violating prison rules, we cannot say that his sentence—the lowest recommended under the Guidelines—was substantively unreasonable.

## III. Conclusion

For the reasons articulated above, we AFFIRM Campbell's sentence.

Entered for the Court

Timothy M. Tymkovich
Chief Circuit Judge