FILED
United States Court of Appeals
Tenth Circuit

August 25, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAMON GONZALEZ-PEREZ,

Defendant - Appellant.

No. 08-2240

(D. New Mexico)

(D.C. No. 2:03-CR-01797-RB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**I. Introduction**

Defendant-Appellant Ramon Gonzalez-Perez pleaded guilty to violating the conditions of supervised release and re-entry by a removed felon in violation of 8

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 1326(a)(1), (2), (b)(2). The district court imposed a sentence of thirty-three months' imprisonment for the re-entry conviction and eighteen months' imprisonment for the supervised release violation and ordered the two sentences to run consecutively. Gonzalez-Perez raises two issues on appeal. He argues the district court abused its discretion in running the two sentences consecutively, and he argues the cumulative term of imprisonment is unreasonable. Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we **affirm** the district court on both issues.

## II. Background

Gonzalez-Perez was apprehended in southern New Mexico and charged with re-entry by a removed felon. At the time, he was on supervised release for a previous illegal re-entry conviction. Gonzalez-Perez pleaded guilty to re-entry by a removed felon and violating the conditions of supervised release.

Because of a fast-track plea agreement, the advisory guidelines range for the re-entry conviction was thirty-three to forty-one months' imprisonment, and the guidelines range for the supervised release violation was eighteen to twenty-four months' imprisonment. At his sentencing hearing, Gonzalez-Perez did not challenge the computation of these ranges. Instead, he asked for some part of his supervised release violation sentence to run concurrently with his re-entry sentence. After hearing this request, and before imposing sentence, the district court noted Gonzalez-Perez had an extensive criminal history over a period of

-2-

fifteen years, including multiple illegal re-entries, and stated Gonzalez-Perez was not as sympathetic as first-time offenders. The district court then sentenced Gonzalez-Perez to thirty-three months' imprisonment on the re-entry charge and eighteen months' imprisonment on the supervised release violation. The two sentences were run consecutively.

## III. Discussion

Gonzalez-Perez raises two arguments on appeal: (1) the district court abused its discretion in imposing consecutive sentences without articulating why it was doing so, and (2) the use of the same facts in imposing both sentences renders the cumulative term of imprisonment unreasonable. As to his first contention, it fails because it relies upon an erroneous interpretation of the record. Shortly after Gonzalez-Perez requested concurrent sentences, and before his sentence was imposed, the district court stated Gonzalez-Perez was not a sympathetic defendant because of his long criminal history, including his history of committing re-entry offenses. Gonzalez-Perez complains the district court described his criminal history only before sentencing him on the re-entry charge, but failed to separately state its reasons when it imposed a consecutive sentence for the supervised release violation. Gonzalez-Perez's criminal history, however, was plainly relevant to both the new charge and the supervised release violation, as well as the question of whether the sentences should run consecutively. *See* 18 U.S.C. § 3584(b) (directing courts to consider the 18 U.S.C. § 3553(a) sentencing

-3-

factors when deciding whether to run sentences consecutively). It is clear from the record the district court addressed Gonzalez-Perez's criminal history at least in part to resolve the only contested issue raised by the parties at sentencing: whether the sentences were to run consecutively.

The decision whether to run the sentences concurrently or consecutively was discretionary on the part of the district court. 18 U.S.C. § 3584(a). The commentary to the applicable advisory guidelines policy statement expresses a preference for running sentences consecutively in the circumstances of this case. U.S.S.G. § 7B1.3 cmt. n.4. "We . . . traditionally do not disturb decisions entrusted by statute or other rule of law to the discretion of a district court unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1201 (10th Cir. 2007) (quotation omitted). Here, the district court explicitly cited Gonzalez-Perez's criminal history in response to his request for concurrent sentences. No more detailed explanation was required. *Cf. id.* at 1202 (holding a specific discussion of the § 3553(a) factors is not required for sentences falling within the advisory guidelines range).

Gonzalez-Perez also contends his cumulative sentence is unreasonable because the district court used the same facts in imposing both sentences, namely his previous conviction for which he was on supervised release when he

committed the new re-entry offense. He points out the previous conviction was used to increase his criminal history category for the re-entry conviction and also used as a predicate for his supervised release violation.

Gonzalez-Perez's prior conviction can be used for multiple purposes during sentencing so long as two conditions are met: 1) the Sentencing Commission intended the result, and 2) each use of the conviction "concerns conceptually separate notions related to sentencing." *United States v. Lewis*, 115 F.3d 1531, 1537 (10th Cir. 1997). The Sentencing Commission certainly intended the use of the prior conviction in both circumstances here, as the prior conviction was relevant to his criminal history category under § 4A1.1(a), (d), (e) (providing for calculation of criminal history category when offense is committed while defendant is still serving another sentence) and his supervised release violation under § 7B1.3(a)(1), (b) (explaining violation of supervised release is grounds for imposition of a term of imprisonment). Furthermore, as Gonzalez-Perez concedes, the sentence for the supervised release violation serves a conceptually different purpose from the sentence for the re-entry conviction. For these reasons, the district court did not err in using Gonzalez-Perez's previous conviction to calculate his sentences for the re-entry charge and the supervised release violation.

**IV. Conclusion**

For the foregoing reasons, the sentences imposed by the district court are **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge