FILED
United States Court of Appeals
Tenth Circuit

June 15, 2010

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

No. 09-3074

CARL G. TERRELL,

Defendant - Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D. Ct. No. 6:97-CR-10061-MLB-1)**

Alice C. White (Jean K. Gilles Phillips, on the brief), Paul E. Wilson Center for Innocence and Post Conviction Remedies, University of Kansas School of Law, Lawrence, Kansas, appearing for Appellant.

Brent I. Anderson, Assistant United States Attorney (Lanny D. Welch, United States Attorney, with him on the brief), Office of the United States Attorney for the District of Kansas, Wichita, Kansas, appearing for Appellee.

Before **TACHA**, **KELLY**, and **HARTZ**, Circuit Judges.

**TACHA**, Circuit Judge.

Carl G. Terrell challenges the district court's denial of his motion for a

reduction of sentence under 18 U.S.C. § 3582(c)(2) on the basis that his sentence

was improperly enhanced as a result of double-counting. Specifically, he argues that Amendment 599 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") prohibits a sentence enhancement under § 2K2.1(b)(1) based on the number of weapons involved in the underlying offense when the defendant has also been convicted and sentenced for a violation of 18 U.S.C. § 924(c). We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

## I. BACKGROUND

On April 1, 1997, Mr. Terrell was arrested by Wichita, Kansas police officers following a twenty-minute chase by car and on foot. Officers found two handguns and a bag containing cocaine base in the area where he was apprehended. They also recovered marijuana, a shotgun, and an SKS rifle from Mr. Terrell's car.

Mr. Terrell was later convicted by a jury of one count of possession with intent to distribute cocaine base, *see* 21 U.S.C. § 841(a)(1); one count of possession of marijuana, *see id*. § 844; one count of possession of cocaine base, *see id.*; five counts of being an unlawful user of a controlled substance in possession of a firearm, *see* 18 U.S.C. § 922(g)(3);[1] and three counts of possessing a firearm during and in relation to a drug trafficking crime, *see id*. § 924(c)(1)(A).

---

[1]Four counts were based on possession of the four firearms and one count was based on possession of ammunition.

Using the 1997 Guidelines, the presentence report ("PSR") grouped the § 841(a)(1) and § 844 counts together under U.S.S.G. § 3D1.2(d). The PSR then used § 3D1.2(c) to group those counts with the five counts of being an unlawful user in possession of a firearm. The operable guideline for those eight grouped counts was § 2K2.1. Under that guideline, the base offense level was twenty. *See* § 2K2.1(a)(4)(A). Relevant to this appeal, the PSR then applied a one-level enhancement under § 2K2.1(b)(1)(A), which instructs the sentencing court to increase the base offense level when the offense involves three or more firearms.[2] After other enhancements not at issue here, the total offense level and Mr. Terrell's criminal history category, as determined by the PSR, produced a Guidelines range of 57–71 months' imprisonment for the eight grouped counts. The PSR then noted that a five-year consecutive sentence was statutorily required for the § 924(c) convictions.

On March 23, 1998, the district court sentenced Mr. Terrell to 60 months on each of the § 841 and § 922(g)(3) counts, all to run concurrently with each other, and to 24 months on each of the § 844 counts, all to run concurrently with each other and with the § 841 and § 922(g)(3) counts. As to the remaining three § 924(c) counts, the district court imposed a single consecutive five-year sentence,

_____

[2]Specifically, the 1997 version of § 2K2.1 instructs the sentencing court to add one level if the offense involved between three and four firearms, two levels for five to seven firearms, three levels for eight to twelve firearms, four levels for thirteen to twenty-four firearms, five levels for twenty-five to forty-nine firearms, and six levels for fifty or more firearms.

as required by § 924(c)(1)(A)(i).  *See* U.S.S.G. § 2K2.4(a).[3]  Thus, Mr. Terrell

received a total sentence of 120 months, which the district court ordered to be

followed by a six-year term of supervised release.

On May 12, 2008, after Mr. Terrell had served his prison sentences and was

on supervised release, he filed a pro se § 3582(c)(2) motion to modify his

sentence and for early termination of supervised release.  The motion raised two

bases for a sentence modification: Amendment 706, which reduces the base

offense level for offenses involving cocaine base,[4] and Amendment 599, which

prohibits the "double-counting" of certain weapons-based conduct in sentencing.

Specifically, Amendment 599 amended the commentary to U.S.S.G. § 2K2.1 to

instruct that if a sentence for violating § 924(c) "is imposed in conjunction with a

sentence for an underlying offense," then the sentencing court should not apply

> any specific offense characteristic for possession, brandishing, use,
> or discharge of an explosive or firearm when determining the
> sentence for the underlying offense.  A sentence under this guideline
> [i.e., for a § 924(c) conviction] accounts for any explosive or weapon
> enhancement for the underlying offense of conviction, including any
> such enhancement that would apply based on conduct for which the
> defendant is accountable under § 1B1.3 (Relevant Conduct). . . .

---

[3]The 1997 version of § 2K2.4(a) states: "If the defendant, whether or not convicted of another crime, was convicted under . . . § 924(c), . . . the term of imprisonment is that required by statute."  A similar provision is now found in § 2K2.4(b) of the 2009 Guidelines.

[4]Amendment 706 "amended the Drug Quantity Table in U.S.S.G. § 2D 1.1(c) . . . [to] provide[ ] a 2-level reduction in base offense levels for crack cocaine-related offenses." *United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir.2008) (citation omitted).

If the explosive or weapon that was possessed, brandished, used, or discharged in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under § 2K1.3(b)(3) (pertaining to possession of explosive material in connection with another felony offense) or § 2K2.1(b)(5)[5] (pertaining to possession of any firearm or ammunition in connection with another felony offense), do not apply that enhancement. A sentence under this guideline accounts for the conduct covered by these enhancements because of the relatedness of that conduct to the conduct that forms the basis for the conviction under 18 U.S.C. § 844(h), § 924(c) or § 929(a). For example, if in addition to a conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. 922(g), the enhancement under § 2K2.1(b)(5) would not apply.

U.S.S.G. App. C, Amend. 599 (2000) (hereinafter also cited as U.S.S.G. § 2K2.4 cmt. n.4).

The district court denied Mr. Terrell's § 3582(c)(2) motion premised on Amendment 706 but failed to consider Mr. Terrell's argument based on Amendment 599. *See United States v. Terrell*, No. 08-3135, 2009 WL 294355, at *1 (10th Cir. Feb. 9, 2009). On appeal, we affirmed the court's Amendment 706 ruling but remanded for resolution of the Amendment 599 issue. *Id.* at *2–*3. On remand, the district court rejected Mr. Terrell's argument, concluding that Amendment 599 was not applicable because Mr. Terrell's offense level was not increased under U.S.S.G. § 2K2.1(b)(5). Mr. Terrell now appeals this order of the district court. We appointed him counsel and directed the parties to address the

---

[5]The provisions of § 2K2.1(b)(5) noted in Amendment 599 are currently found in § 2K2.1(b)(6) (2009).

following questions: (1) whether Mr. Terrell's sentence resulted from improper double-counting prohibited by Amendment 599; (2) whether a § 3582(c)(2) motion is the legally appropriate vehicle to obtain relief in this case; and (3) whether a reduction in Mr. Terrell's supervised release time is the proper remedy if he prevails on appeal.[6] We conclude that there was no improper double-counting in this case and therefore do not reach the remaining issues.

## II. DISCUSSION

"Double-counting occurs when the same conduct on the part of the defendant is used to support separate increases under separate [sentence] enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes." *United States v. Rojas*, 531 F.3d 1203, 1207 (10th Cir. 2008) (quotations omitted). In the context of Amendment 599, double-counting occurs when the defendant receives a sentence for a § 924(c) conviction while also receiving a sentence enhancement for the offense underlying the § 924(c) conviction that punishes conduct best described as possessing, brandishing, using, or discharging a firearm.[7] According to Mr. Terrell, because he received a

_____

[6]The first two issues were addressed in a similar appeal by a divided panel of the Fourth Circuit. *See generally United States v. Goines*, 357 F.3d 469 (4th Cir. 2004) (discussing whether a § 922(g)(3) conviction is the "underlying offense" to a § 924(c) conviction and further determining whether Amendment 599 lowered the sentencing range applicable to the defendant as required to succeed in a § 3582(c)(2) motion).

[7]We reject the district court's rationale that Amendment 599 applies only to
(continued...)

-6-

sentence for his § 924(c) convictions in conjunction with sentences for the offenses underlying the § 924(c) convictions (i.e., the controlled substance offenses under § 841(a) and § 844, and the user-in-possession offenses under § 922(g)),[8] the district court erred in applying the number-of-firearms enhancement under § 2K2.1(b)(1)(A) because that enhancement is "for [the] possession, brandishing, use, or discharge of an explosive or firearm" and thus already accounted for by his § 924(c) sentence. For its part, the government counters that an enhancement under § 2K2.1(b)(1) relates only to the quantity of weapons involved in the underlying offense, which is a type of offense conduct that is not reached by a § 924(c) conviction and sentence.

We hold that the number of weapons involved in the underlying offense to a § 924(c) conviction is a separate type of offense conduct than that punished by § 924(c) itself. Thus, the district court did not engage in double-counting in this

---

[7](...continued)
enhancements under § 2K2.1(b)(5) (now (b)(6)).

[8]The parties appear to assume that the eight grouped counts of conviction for violations of § 841(a), § 844, and § 922(g)(3) constitute the "underlying offense[s]" for purposes of Mr. Terrell's § 924(c) convictions and the court's application of § 2K2.4. We need not address this issue, however, because it does not affect our conclusion that the § 2K2.1(b)(1) enhancement was proper in this case. *But see Goines*, 357 F.3d at 473, 481 (panel split over whether a § 922(g) conviction is an "underlying offense" or simply falls within the scope of relevant conduct and thus properly considered part of the "underlying offense" for purposes of Amendment 599); *United States v. Smith*, 196 F.3d 676, 681–82 (6th Cir. 1999) (holding that a § 922(g) conviction is an "underlying offense" of a § 924(c) conviction).

case when it applied a one-level increase under § 2K2.1(b)(1)(A) to Mr. Terrell's sentence for his § 841(a) and § 922(g)(3) convictions.

Our conclusion is supported by prior decisions of this court which narrowly construe the act of possessing, brandishing, using, or discharging a firearm in the context of a defendant who was sentenced for a § 924(c) conviction and for the underlying offense. In *United States v. Pearson*, 211 F.3d 524, 525 (10th Cir. 2000), for example, the defendant had been convicted under § 924(c) and for the underlying offense of bank robbery. In sentencing him on the bank robbery conviction, the district court applied a two-level enhancement under § 2B3.1(b)(4)(B) for physically restraining bank personnel with a gun during the commission of the bank robbery. In determining that the enhancement was not precluded by the commentary to § 2K2.4, which at that time prohibited the application of "any specific offense characteristic for the possession, use, or discharge of an explosive or firearm, (e.g., § 2B3.1(b)(2)(A)–(F) (Robbery))," *see* § 2K2.4 cmt. n.2 (1998), we reasoned that "physical restraint with a gun is conduct distinct from either the actual discharge, 'otherwise use,' or brandishing, display or possession of a gun, as contemplated by § 2B3.1(b)(2)(A)–(F) and [the commentary note]." *Id.* at 526.

After the enactment of Amendment 599, we followed *Pearson* in the context of an enhancement under § 2B3.1(b)(6), which applies to a sentence for robbery "if a firearm . . . was taken." *See Rojas*, 531 F.3d at 1208. In *Rojas*, we

held that the enhancement was not double-counting in part because the act of taking or stealing a firearm "is distinct from" and the harm punished by the enhancement is "conceptually separate from" using, possessing, brandishing, or discharging a firearm. *Id.* We explained that "[o]ne may steal a weapon without using it just as one may use a weapon that is not stolen." *Id.* Thus, the enhancement provision did not "necessarily overlap[] with the conduct punished under 18 U.S.C. § 924(c)" and did not constitute improper double counting. *Id.* (quotations omitted).

As was the case in *Pearson* and *Rojas*, it is clear to us that the conduct punished by § 2K2.1(b)(1) is distinct from and does not necessarily overlap with the conduct punished by a § 924(c) conviction. Put another way, a sentence for using, possessing, brandishing, or discharging a firearm in violation of § 924(c) does not punish the additional and separate wrong of utilizing multiple weapons as part of the underlying drug-trafficking or violent-crime offense or offenses. In our view, the § 2K2.1(b)(1) enhancement relates to a feature or characteristic of the firearm(s) that provides the basis for a § 924(c) conviction—namely, quantity—whereas the § 924(c) conviction and sentence pertain to the particular manner in which the defendant used the firearm(s) to effectuate the underlying offense. Indeed, the number of firearms involved in the underlying offense is immaterial to the § 924(c) violation itself. *Cf. United States v. Smith*, 196 F.3d 676, 682–83 (6th Cir. 1999) (in pre-Amendment 599 case, holding that a

§ 2K2.1(b)(4) enhancement for an obliterated serial number is not double counting because the fact that a gun has "an obliterated serial number is entirely separate and distinct from the defendant's mere use or possession of the gun . . . . [and because] [t]he condition of the serial number of the gun used to violate § 924(c) . . . is immaterial to the § 924(c) violation itself.").[9]   Accordingly, Amendment 599 does not preclude the application of § 2K2.1(b)(1) to Mr. Terrell's sentence and thus does not provide a basis for a sentence modification under 18 U.S.C. § 3582(c)(2).

## III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[9]To be sure, Mr. Terrell was charged with and convicted of three counts under § 924(c) and was also subject to a § 2K2.1(b)(1) sentencing enhancement based on three firearms.  The fact that Mr. Terrell was convicted of three separate § 924(c) violations, however, does not mean that his sentence for those convictions accounted for the three weapons such that the § 2K2.1(b)(1) enhancement constitutes double counting.  To the contrary, Mr. Terrell received a single five-year mandatory sentence as punishment for all of his § 924(c) convictions; his § 924(c) sentence was in no way increased or enhanced because of the involvement of multiple firearms or because he was convicted of multiple violations of § 924(c).