# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2012

Lyle W. Cayce
Clerk

No. 11-30939
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUY MANNING, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-296-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Guy Manning, Jr., appeals from his guilty plea convictions for two counts of being a felon in possession of a firearm (Counts One and Three), one count of possession with intent to distribute a quantity of cocaine hydrochloride (Count Two), and one count of possession of a firearm in furtherance of a drug trafficking crime (Count Four). As he did in district court, he argues on appeal that the district court erred by increasing his sentence pursuant to U.S.S.G. § 2K2.1(b)(1)(A) because the offense involved four firearms and pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2K2.1(b)(4)(B) because one of the firearms had an obliterated serial number. He asserts that those two adjustments were prohibited pursuant to the commentary for U.S.S.G. § 2K2.4, which governed Count Four. We review the district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

"If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." § 2K2.4, comment. (n.4). Even if it is assumed that Count One or Three qualified as an underlying offense for purposes of that commentary, the district court correctly concluded that the application of those adjustments did not constitute impermissible double counting because those adjustments were not based upon the conduct listed in that commentary. *See United States v. Terrell*, 608 F.3d 679, 683 (10th Cir. 2010); *United States v. Smith*, 196 F.3d 676, 683 (6th Cir. 1999).

The judgment of the district court is AFFIRMED.