**UNITED STATES COURT OF APPEALS**    October 5, 2012

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MERARDO LOYA-CASTILLO, a/k/a
Eliseo Castillo-Armendariz, a/k/a
Servando Castillo-Miranda, a/k/a Jaime
Rascon-Castillo, a/k/a Alonzo Patillo,

    Defendant-Appellant.

Nos. 12-1035 & 12-1052
(D.C. No. 1:11-CR-00119-WYD-1
& 1:09-CR-00223-WYD-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). These consolidated cases are,

therefore, submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

These consolidated cases represent a direct appeal by Merardo Loya-Castillo

following: 1) his plea of guilty to one count of illegal reentry after deportation subsequent

to aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2) (Case No.

12-1035); and 2) his admission he violated a condition of his supervised release on a

previous offense by illegally reentering the United States after deportation (Case No.

12-1052). The sole issue raised on appeal is whether a seven-month sentence imposed on

revocation of his supervised release, ordered to run consecutively with his thirty-month

sentence for illegal reentry, is substantively unreasonable. Applying an abuse of

discretion standard of review, we conclude it is not. Exercising jurisdiction under 28

U.S.C. § 1291, we dismiss Case No. 12-1035, and affirm the sentence challenged in Case

No. 12-1052.

**I**

Police went to defendant's home in February 2011 after receiving an anonymous

tip that the defendant, a previously deported fugitive from justice, had returned to the

United States. Police spent two-and-a-half hours trying to convince defendant to come

out of his home before they finally removed siding panels on the trailer and found him

hiding underneath it. Defendant verbally abused police and acted aggressively upon

being taken into custody; he was later convicted of resisting arrest. As the result of a

2006 conviction for attempted escape from a pending felony, he was also charged in

federal court with illegal reentry after deportation subsequent to an aggravated felony.

Defendant entered an agreement to plead guilty to one count of illegal reentry after

2

deportation subsequent to aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). In exchange for the government's agreement to file a motion for a one-level downward departure, defendant agreed to a limited waiver of his right to appeal. The presentence report calculated a guidelines range of thirty-three to forty-one months based on an offense level of 13 and a criminal history category of VI. The one-level downward departure reduced the guidelines range to thirty to thirty-seven months.

Defendant also violated the conditions of his supervised release stemming from a prior illegal reentry offense. Based on a Grade C violation and defendant's (at the time) criminal history category of V, the supervised release violations report calculated a guidelines range of seven to thirteen months imprisonment, pursuant to USSG § 7B1.4(a). The report recommended a thirteen-month consecutive sentence.

The district court held a consolidated sentencing hearing January 24, 2012. In defendant's sentencing for illegal reentry (Case No. 12-1035), the government, in compliance with the plea agreement, requested a one-level downward departure and recommended thirty months' imprisonment. The defendant, though, asked for a below-guidelines sentence of eighteen months. Defendant acknowledged his criminal history, but asked for a departure because he reentered the country to help his paralyzed son, who needs twenty-four-hour care. The government opposed this request. The court granted only the government's motion for a one-level downward departure and imposed a thirty-month sentence.

In the sentencing for his supervised release violation (Case No. 12-1052), defendant sought a concurrent sentence. He argued: 1) the thirty-month sentence for his illegal reentry violation served as a sufficient deterrent to future reentry; 2) his criminal history level in the sentence for his illegal reentry already reflected his violation of his supervised release. The district court imposed a seven-month consecutive sentence.

Defendant filed a timely appeal of his sentence for illegal reentry (Case No. 12-1035), even though he had agreed to the limited waiver of his appellate rights. He then filed a docketing statement referencing both sentences, which we directed the district court to consider as a misdirected, but timely, notice of appeal of his second sentence (Case No. 12-1052). The appeals were then consolidated.

Although the docketing statement indicates defendant is appealing both cases, he raises no objections to the sentence imposed for his illegal reentry (Case No. 12-1035). He also acknowledges he agreed to waive his rights to appeal this sentence and does not contend we should not honor the waiver. His appeal in Case No. 12-1035 is therefore dismissed.

As for his consecutive sentence stemming from his violation of supervised release (Case No. 12-1052), defendant challenges only its substantive unreasonableness. More specifically, defendant argues the district court failed to give sufficient weight to: 1) the deterrent effect of his thirty-month sentence for illegal reentry; 2) the medical condition of his son; and 3) the fact that his violation for supervised release increased his criminal history level to VI for his illegal reentry sentencing.

## II

We review a sentence for substantive unreasonableness under an abuse of discretion standard. United States v. Damato, 672 F.3d 832, 838 (10th Cir. 2012). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." Id. (internal citations and quotations omitted). "[A]s long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." United States v. Sells, 541 F.3d 1227, 1239 (10th Cir. 2008). The defendant must rebut the presumption a sentence is reasonable when, as here, it falls within the properly calculated guideline range. United States v. Reyes-Alfonso, 653 F.3d 1137, 1145 (10th Cir. 2011). Given this high bar, we affirm.

The district court considered the deterrent effect of the thirty-month sentence, but found it insufficient in light of the defendant's recidivism. Under 18 U.S.C. § 3553(a)(2)(B)-(C), the court shall consider the sentence's ability to "afford adequate deterrence" and the need to "protect the public from further crimes of the defendant." Defendant has unlawfully entered the United States at least six times. His most recent return to this country came less than a week after he had been deported following a felony reentry conviction—even after the sentencing judge imposed a below-guidelines sentence, sympathizing with the defendant regarding his son's condition. The district court here also noted that defendant has not confined his unlawful activity to illegal

5

reentry.  Defendant has other criminal convictions, including his most recent for resisting arrest.  Although defendant notes this sentence more than doubles the ones he has previously received, the district court noted those sentences did not serve to deter his criminal conduct.

Further, the illegal reentry sentence did not include a period of supervised release, and the district court worried that defendant would "serve his 30 months less credit for time served, and he will come back here illegally, and we'll have no ability to do anything about it, and he may even commit new crimes."  Case No. 10-1035, ROA Vol. III at 49.  More specifically, the district court cited defendant's fears of cartel violence in Mexico as a reason to expect that defendant might return.  The defendant asserts plans for his family to move to Mexico will eliminate his desire to illegally reenter the United States.  But according to his probation officer, the family has failed to follow through on this in the past.  The district court balanced its understanding of the defendant's arguments against these concerns by imposing a sentence at the bottom of the guidelines range, along with the reimposition of supervised release.  Viewing the sentencing in this context, we cannot say the district court abused its discretion.  See, e.g., United States v. Mumma, 509 F.3d 1239, 1245-46 (10th Cir. 2007) (noting defendant's repeated criminal convictions failed to deter her conduct, justifying the district court's *above-guidelines* sentence).

Nor can we say the court failed to sufficiently weigh the medical condition of defendant's son.  The Sentencing Guidelines, although not mandatory, suggest "family ties and responsibilities are ordinarily not relevant," USSG § 5H1.6, and "the law

6

generally discourages district courts from taking this into account." United States v. Thompson, 518 F.3d 832, 868 (10th Cir. 2008). District courts typically consider them only when extraordinary. See, e.g., United States v. Munoz-Nava, 524 F.3d 1137, 1148 (10th Cir. 2008) (holding sentence not substantively unreasonable when district court weighed the fact defendant cared for son and elderly parents in imposing below-guidelines sentence). Defendant argues his strong desire to care for his paralyzed son mitigates the seriousness of his offense and will "exacerbate the pain of his imprisonment." Aplt. Br. 9-10. But defendant has also cited fear of cartel violence in Mexico as the reason for his most recent return. In addition, defendant's son receives care from both his mother and brother, and a government program helps with the medical bills. Upon his return to the United States, defendant remained unemployed and did not provide his family with financial support.

Further, the district court said it would consider a concurrent sentence out of "humane consideration for the situation with his son," but had to weigh this against defendant's repeated decisions to flout the law. ROA Case No. 12-1035 Vol. III at 39-40, 43-44. The court also expressed hope the sentence would encourage the family to follow through on its stated plans to move to Mexico—or at least somewhere in the United States closer to the border—so they could maintain contact without the defendant breaking the law. The district court did not abuse its discretion in weighing defendant's recidivism against his son's tragic situation.

Finally, the district court did not abuse its discretion in imposing a consecutive

7

sentence, even though defendant's violation of supervised release was factored in when sentencing defendant for illegal reentry. Defendant notes his violation of supervised release pushed his criminal history in the illegal reentry case to level VI, increasing the guideline range. This, he argues, makes further punishment through a consecutive sentence unjust. Although we have not considered this argument in any published cases,[1] it appears analogous to those that challenge the "double-counting" of conduct when factored into separate sentencing enhancements. This double-counting is impermissible when "used to support separate increases under separate sentence enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes." United States v. Terrell, 608 F.3d 679, 683 (10th Cir. 2010) (internal citations and quotations omitted).

But the punishments here serve two different purposes. Enhancing a sentence based on criminal history reflects that "[a] defendant with a record of prior criminal behavior is more culpable than a first time offender" and that "[g]eneral deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence." USSG ch.4, pt. A, introductory cmt. It also protects the public by taking into account defendant's recidivism. Id. On the other hand, imposing a consecutive sentence for a supervised release violation penalizes the defendant for his "breach of trust." USSG ch.7, pt. A, introductory cmt., 3(b).

---

[1] We have rejected it in an unpublished opinion. See United States v. Gonzalez-Perez, 343 F. App'x 300, 302 (10th Cir. 2009).

We have previously upheld sentences for violations of supervised release that run consecutively with new felony reentry sentences, see, e.g., United States v. Rodriguez-Quintanilla, 442 F.3d 1254 (10th Cir. 2006), and defendant cites no contrary authority suggesting the imposition of a consecutive sentences is an abuse of discretion. The sentencing guidelines specifically recommend that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."  USSG § 7B1.3(f). Although the guidelines are advisory, we have stated "the defendant bears the burden to demonstrate that the District Court should exercise its discretion to impose concurrent sentences in spite of that statement."  Rodriquez-Quintanilla, 442 F.3d at 1256. Defendant has failed to meet this burden.

For these reasons, we DISMISS the appeal in case No. 12-1035, and AFFIRM the sentence challenged in Case No. 12-1052.

Entered for the Court

Mary Beck Briscoe
Chief Judge

9