**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TRAVIS JAMES MYERS,

    Defendant - Appellant.

No. 22-3113
(D.C. No. 6:21-CR-10050-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Travis James Myers pleaded guilty to being a felon in possession of a firearm.

*See* 18 U.S.C. § 922(g)(1).  The district court sentenced Mr. Myers to 120 months in

prison.  Myers appealed.  Mr. Myers's appointed counsel, an assistant federal public

defender, filed an *Anders* brief advising the court that she has found no nonfrivolous

bases for appeal and seeking leave to withdraw.  *See Anders v. California*, 386 U.S.

738 (1967).  We grant counsel's motion to withdraw and dismiss the appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

On June 22, 2021, someone left a pipe bomb on a car in Wichita, Kansas.  The bomb exploded, causing minor property damage.  Subsequent investigation revealed that the pipe bomb was a destructive device as defined by 26 U.S.C. § 5845(f).

Video surveillance captured images of someone walking toward the car then running away five minutes later as the bomb exploded.  The owner of the car identified the person as Mr. Myers.  Though Mr. Myers later admitted he had been there at the time, he never admitted to anything relating to the pipe bomb.

Investigators obtained a search warrant for Mr. Myers's home, and they discovered two loaded pistols and suspected pipe-bomb ingredients.  Several years earlier, Mr. Myers had been convicted of a felony and was disqualified from possessing a firearm.  The government charged him with a single count of possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1).

Mr. Myers pleaded guilty to knowingly possessing both guns and entered a plea agreement in which the parties agreed to jointly request a sentence of 120 months—the statutory maximum sentence under the then-applicable version of 18 U.S.C. § 924(a)(2)—followed by three years of supervisory release.  At the same time, the parties also agreed to request a sentence consistent with the Sentencing Guidelines.  Mr. Myers also agreed to waive his right to appeal, but reserved the right to challenge any sentence above the Guideline range.

During Mr. Myers's change-of-plea hearing, the district court reviewed the plea agreement with Mr. Myers, including the agreement to jointly request a

120-month sentence. Mr. Myers confirmed that agreement and declined the district court's invitation to take a moment to discuss it further with his attorney. The district court further explained to Mr. Myers the waiver of appellate rights, which Mr. Myers said he understood. The district court then accepted Mr. Myers's guilty plea.

A probation officer prepared a presentence investigation report that recommended a base offense level of 20 under § 2K2.1(a)(4)(B) of the Sentencing Guidelines. *See* U.S. Sent'g Guidelines Manual § 2K2.1(a)(4)(B) (U.S. Sent'g Comm'n 2021) (USSG). In addition, the officer recommended the following increases in the offense level based on two specific offense characteristics:

- a two-level increase under § 2K2.1(b)(1)(A) because the offense involved three firearms (including the pipe bomb, which federal law defines as a firearm, *see* 26 U.S.C. § 5845(a)(8)); and

- a two-level increase under § 2K2.1(b)(3)(B) because the offense involved a destructive device as defined by 26 U.S.C. § 5845(f).

The officer recommended reducing the offense level by three levels for acceptance of responsibility, yielding a total offense level of 21. Combined with Mr. Myers's category IV criminal history, the offense level resulted in an advisory guideline range of 57 to 71 months.

The probation officer further noted, however, that Mr. Myers's actual criminal history was under-represented. In a prior federal prosecution involving drugs and guns, Mr. Myers faced a guideline range of 210-262 months but instead received only

five years of probation. In addition, in a prior state prosecution, Mr. Myers received probation rather than a custodial sentence.

Neither party objected to any aspect of the presentence report, nor did they file any briefs before the sentencing hearing.

At the sentencing hearing, the district court stated it agreed that Mr. Myers's criminal history score did not fully reflect his criminal history, and that the offense of conviction understated the severity of the offense. The government argued that a 120-month sentence was warranted based on Mr. Myers's actual criminal history and the pipe-bomb incident that led to his arrest. Mr. Myers's defense counsel simply requested the district court to follow the plea agreement.

The district court did exactly that, concluding that while the guideline range had been accurately calculated, it understated the severity of the offense and Mr. Myers's criminal history. The district court acknowledged that the parties' joint recommendation of a substantial upward variance was unusual, but concluded the agreed-upon sentence of 120 months reflected the gravity of the matter. The district court also found the sentence—which included three years of supervised release and several special conditions—complied with the sentencing factors set forth in 18 U.S.C. § 3553(a).

Mr. Myers timely filed an appeal to challenge his sentence. He does not, however, seek to challenge the validity of his plea.

## II. Discussion

### A. *Anders* Review

Under *Anders v. California*, 386 U.S. 738 (1967), appellate counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). We have described the process accompanying an *Anders* brief as follows:

> Under *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citations omitted).

Counsel in this case filed an *Anders* brief asserting Mr. Myers had no nonfrivolous issues for appeal. The brief explains why there is no basis to challenge the above-guideline sentence as procedurally or substantively unreasonable, and further explains that Mr. Myers waived the right to challenge any other component of his sentence. Mr. Myers did not file a response to the *Anders* brief as he had been invited to do. After careful review of the record and the *Anders* brief, we agree Mr. Myers has no nonfrivolous ground for appeal.

### B. The Sentence Was Not Procedurally Unreasonable

Because Mr. Myers did not object to any aspect of his sentence before the district court, any appeal challenging the procedural reasonableness of his sentence is

subject to plain-error review. *See United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012). That standard requires Mr. Myers to satisfy four elements: (1) the district court committed an error; (2) the error was plain (meaning it was obvious under current well-settled law); (3) it affected Mr. Myers's substantial rights; and (4) it "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (brackets and internal quotation marks omitted). Mr. Myers cannot meet this standard because the district court committed no error.

First, Mr. Myers's counsel notes that even though the district court did not impose a guideline sentence, a plainly erroneous guideline calculation might merit reversal because the guidelines are the sentencing court's "starting point and initial benchmark." *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016) (ellipsis and internal quotations omitted). But Mr. Myers's counsel can identify no error in the guideline calculation, nor can we. In addition, the facts on which the guideline calculation was based were all admitted by Mr. Myers in the plea agreement, and he did not object to the recitation of facts in the presentence report. *See United States v. McDonald*, 43 F.4th 1090, 1095 (10th Cir. 2022) ("[T]he district court may rely on facts stated in the presentence report unless the defendant has objected to them." (internal quotations omitted)).

Second, Mr. Myers's counsel raises a potential argument concerning the two specific-offense characteristics used to increase the total offense level. Those increases, however, were consistent with our case law and the Sentencing Guidelines. They were premised on the notion that the offense "involved" a destructive device

6

(i.e., the pipe bomb) under USSG § 2K2.1(b). The pipe bomb was "involved" within the meaning of the Sentencing Guidelines if it was part of the same course of conduct as the underlying offense. *See United States v. Windle*, 74 F.3d 997, 1000 (10th Cir. 1996). And in *Windle* we held that a "behavior pattern of unlawfully possessing [multiple] firearms over a relatively short period of time meets the same course of conduct requirement." *Id.* at 1001. Because federal law defines a pipe bomb as a firearm, *see* 26 U.S.C. § 5845(a)(8), the facts of this case fall comfortably within the *Windle* standard, and we therefore agree there is no merit to this potential argument.

Third, Mr. Myers's counsel notes the district court used the pipe-bomb possession twice by relying on it for two separate specific-offense characteristics. But, as counsel further notes, we have held that double-counting is only prohibited "when the same conduct on the part of the defendant is used to support separate increases under separate sentence enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes." *United States v. Terrell*, 608 F.3d 679, 683 (10th Cir. 2010) (brackets and internal quotation marks omitted). In *Terrell*, we held that it is not double-counting to rely on the same conduct to apply a firearms quantity enhancement while also imposing a manner-of-use sentence. *Id.* at 684 ("[A] sentence for using, possessing, brandishing, or discharging a firearm . . . does not punish the additional and separate wrong of utilizing multiple weapons as part of the underlying . . . offenses."). Here, one of the enhancements concerned the number of firearms Mr. Myers possessed, while the other involved the type of firearms he

possessed.  The district court's use of the pipe bomb for these two distinct purposes was not erroneous.

We have reviewed the record and find no other nonfrivolous grounds for asserting procedural error with respect to Mr. Myers's sentence.

## C.  The Sentence Was Not Substantively Unreasonable

Mr. Myers's counsel also states that it would be frivolous to challenge the substantive reasonableness of the 120-month sentence.  We agree.

We will reverse a sentence as substantively unreasonable "only if the sentence imposed was arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. DeRusse*, 859 F.3d 1232, 1236 (10th Cir. 2017) (internal quotation marks omitted).  We find nothing in the record to support such an argument. Although Mr. Myers's 120-month sentence was well above the sentencing guideline range, he agreed to that sentence and confirmed his agreement to the district court during the change-of-plea hearing.  The district court also noted the 120-month sentence was justified by Mr. Myers's criminal history, which was under-represented in the presentence report.  The district court further found that the sentence complied with the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (in reviewing for substantive reasonableness, we examine "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)" (internal quotation marks omitted)).  In short, we agree with Mr. Myers's

counsel that in light of this record, a challenge to the substantive reasonableness of Mr. Myers's sentence would be frivolous.

### D. Mr. Myers's Appellate Waiver

In the plea agreement, Mr. Myers agreed to a waiver of appeal and collateral attack regarding "any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release." R. vol. I at 30. He reserved the right to challenge only an above-guidelines sentence, and to make claims of ineffective assistance of counsel or prosecutorial misconduct.[1]

An appellate waiver is enforceable if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily waived his right to appeal, and enforcing the waiver would not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). We agree with Mr. Myers's counsel that under *Hahn* there is no basis to argue that the appeal waiver is unenforceable.

---

[1] We find nothing in the record to support a claim of prosecutorial misconduct. Moreover, claims of ineffective assistance of counsel "should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

### III.  Conclusion

We have found no nonfrivolous grounds for challenging Mr. Myers's sentence or his appeal waiver, and we therefore dismiss his appeal and grant counsel's motion to withdraw.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge